UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TAMARA STAUB, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 4:19-CV-04249 ) |
| HY-VEE, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT HY-VEE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Hy-Vee. Inc. (Hy-Vee), through its attorney, Cameron A. Davidson and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states:

**COUNT I – HOSTILE ENVIRONMENT/GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000E, ET SEQ.**

1. Tamara Staub (hereinafter referred to as "Staub" or "plaintiff") is a resident of Mt. Prospect, Cook County, Illinois.

   **ANSWER:** Hy-Vee denies the allegations contained in Paragraph 1 for lack of knowledge.

2. Hy-Vee, Inc. (hereinafter referred to as "Hy-Vee" or "defendant") is an Iowa corporation with its principal place of business in West Des Moines, Polk County, Iowa, which does business in the State of Illinois, including the operation of a grocery store and gas station at 4218 Avenue of the Cities in Moline, Illinois, specifically the Hy-Vee located at 4218 - 23rd Avenue, Moline, Rock Island County, Illinois.

   **ANSWER:** Hy-Vee admits the allegations contained in Paragraph 2. The store is also referenced as "Hy-Vee Avenue of the Cities" and "Moline 1."

3. Staub was employed by Hy-Vee for approximately 22 years, most recently as a "Pricing/Data Analyst" at the Hy-Vee located at 4218 Avenue of the Cities, Moline, Rock Island County, Illinois.

   **ANSWER: Hy-Vee admits only Plaintiff was hired by Hy-Vee on April 23, 1997 and her last position was a "Pricing/Data Analyst" at Moline 1.**

4. Plaintiff timely filed her charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on or about February 26, 2019, and has been issued her Right to Sue Letter by the EEOC, and has otherwise exhausted her administrative remedies. (Exhibit I, a true and correct copy of the Notice of Right to Sue from the EEOC dated November 18, 2019, is attached hereto and made a part of this Complaint).

   **ANSWER: Hy-Vee admits only Plaintiff filed a charge and was sent a right to sue letter.**

5. This court has subject matter jurisdiction over this cause of action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and pursuant to 28 U.S.C. §1391(b).

   **ANSWER: Paragraph states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 5.**

6. This cause of action arose in Rock Island County, Illinois, therefore venue in this court is proper under 28 U.S.C. § 139l(b).

   **ANSWER: Paragraph states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 6.**

7. Pursuant Local Rule 40.1(F), the basis for filing in the Rock Island Division is that all

relevant incidents from which this cause of action arose occurred in Rock Island County, Illinois.

**ANSWER: Paragraph states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 7.**

8. Plaintiff is a member of a protected class in that she is a female.

**ANSWER**: **Paragraph states a legal conclusion to which no answer is required. To the extent an answer is required Defendant admits only Plaintiff's gender is a protected class.**

9. Plaintiff had previously been the "Manager - Store Operations" at the Avenue of the Cities Hy-Vee.

**ANSWER: Defendant admits only Plaintiff was a Manager of Store Operations for a period of time from July 29, 2013 until July 3, 2017 when her position was changed to Pricing/Data Analyst at the same pay rate as the Manager of Store Operations position.**

10. The then Store Director passed away in early 2016.

**ANSWER: Defendant admits only a Store Director at the Hy-Vee Avenue of the Cities passed away.**

11. Subsequently, a new permanent Store Director was appointed.

**ANSWER: Defendant admits the Store Director that passed away was replaced by another Store Director.**

12. Shortly thereafter, the new Store Director made statements to Plaintiff and other employees that he did not like women in certain management positions, including Plaintiff's, and that he

had other positions for women.

> **ANSWER:   Defendant denies the allegations contained in Paragraph 12 for lack of knowledge.**

13. In July, 2017, Plaintiff contacted Human Resources to ask whether the new Director could remove Plaintiff from her Manager's position simply because he did not like women in certain management positions.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 13.**

14. Approximately three weeks, later, Plaintiff was removed from her "Manager - Store Operations" position, demoted to "Pricing/Data Analyst," a position of significantly less importance, prestige and duties.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 14.**

15. Plaintiffs prior role of "Manager-Store Operations" was filled by a male dairy manager.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 15.**

16. Subsequently, Plaintiff continued to work in an environment hostile to females in management positions of all sorts and was subjected to the Store Director's discriminatory attitude towards women.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 16**.

17. In addition, in her role as "Pricing/Data Analyst" Plaintiff repeatedly reported to the Store Director that the male manager of the Wine & Spirits Department was falsifying reports, particularly those involving inventory.

    **ANSWER:  Defendant admits only Plaintiff raised concerns, as did another manager, a male, regarding incorrect process and/or accounting by a male manager of**

**the Wine & Spirits Department which was subsequently investigated.**

18. Plaintiffs repeated reports were ignored because she was a woman.

    **ANSWER: Defendant denies the allegations contained in Paragraph 18.**

19. During the last year of Plaintiffs employment, the hostile work environment continued with several women being forced out, quitting in response to harassment or being replaced by males, while plaintiff did her best to hang on in the hostile environment.

    **ANSWER: Defendant denies the allegations contained in Paragraph 19.**

20. Plaintiff continued to report the male manager of Wine & Spirits falsifying inventory reports and continued to be ignored until September, 2018, when Hy-Vee was presented with confirmation that the Wine & Spirits Manager had between $70-80,000 in missing inventory; at which time the male Wine & Spirits Manage was allowed to resign rather than be fired.

    **ANSWER: Defendant denies the allegations contained in Paragraph 20.**

21. Plaintiff was continuously mistreated because she was female up to and including the end of her employment on Oct. 20, 2018.

    **ANSWER: Defendant denies the allegations contained in Paragraph 21.**

22. At all times material to this claim, plaintiff performed her job duties to the satisfaction of her employer.

    **ANSWER: Defendant denies the allegations contained in Paragraph 12.**

23. Defendant's actions in demoting plaintiff were in retaliation for her complaints of discrimination based on her gender in violation of 42 U.S.C. §2000(e)-2.

    **ANSWER: Defendant denies the allegations contained in Paragraph 23.**

24. As a direct and proximate result of the defendant's acts of intentional discrimination through a hostile environment based on gender, plaintiff has suffered emotional and mental distress,

embarrassment and anxiety as a result of her termination, loss of enjoyment of life all to her damage, for which she seeks just and equitable compensation.

**ANSWER:  Defendant denies the allegations contained in Paragraph 24.**

25. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. §2000(e)-5.

**ANSWER:  Defendant denies the allegations contained in Paragraph 2..**

26. Defendant's acts of discrimination were intentional, thus plaintiff is entitled to recover punitive or exemplary damages.

**ANSWER:  Defendant denies the allegations contained in Paragraph 26.**

WHEREFORE, Defendant, Hy-Vee, Inc., prays that Plaintiff's Complaint be dismissed with all costs assessed against Plaintiff, and for such other and further relief as the Court deems just and necessary under the circumstances, or in the alternative, Defendant Hy-Vee, Inc. prays for judgment in its favor and against Plaintiff and costs to be assessed against Plaintiff.

### COUNT II – WRONGFUL TERMINATION – GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000(e), ET SEQ.

1-22.   Plaintiff repeats and realleges paragraphs 1 through 22 of Count I as paragraphs 1 through 22 of Count II herein

**ANSWER:  Defendant adopts and re-states its Answers to Paragraphs 1 through 22 of Count II.**

23.  On October 8, 2018, Plaintiff was told her position of "Pricing/Data Analyst" was being eliminated and she would be moved to Wine & Spirit manager.

**ANSWER:  Defendant admits only Plaintiff was told her position of Pricing/Data Analyst was being eliminated.  Plaintiff was offered the Wine & Spirits Manager position at the same rate of pay as the Pricing/Data Analyst.**

24. Hy-Vee had been aware for many years that Plaintiff could not in good conscience work in that department for moral reasons.

   **ANSWER:  Defendant denies the allegations contained in Paragraph 24.**

25. Plaintiff was told to move to that department "or else."

   **ANSWER:  Defendant denies the allegations contained in Paragraph 25.**

26. Plaintiff reminded Hy-Vee of her moral concerns, refused the assignment and requested to be able to apply for other positions or transfer.

   **ANSWER:   Defendant admits only Plaintiff refused the offer of the Wine & Spirits Manager position, Plaintiff could have applied to any other positions and was offered other positions.**

27. Plaintiff's prior position of "Manager - Store Operations" became open during this time frame.

   **ANSWER:  Defendant denies the allegations contained in Paragraph 27 as to vague to "during this time frame." See also Answer to Count II, ¶28.**

28. Plaintiff applied for the "Manager - Store Operations" position and received no interview.

   **ANSWER:  Defendant admits only Plaintiff applied for the position.  Hy-Vee did not interview anyone because Hy-Vee did not to hire anyone for that position.**

29. Plaintiff was then told her last day would be October 21, 2018, but October 19, 2018 turned out to be her last day.

   **ANSWER:   Defendant admits only that the position was eliminated on October 21, 2018 and Plaintiff's last scheduled day was October 19, 2018.**

30. Although Plaintiff was terminated, Hy-Vee then changed the reason for separation in her formal separation paper and asserted Plaintiff was "laid off" because her "full time position is

being eliminated."

**ANSWER: Defendant admits only the termination was adjusted to reflect the position elimination. Plaintiff elected not to take offers of other positions.**

31. The original "termination" paperwork was never provided to Plaintiff, it was removed from the personnel file, and the corrected stated reason on her separation report states that the report was "revised 10/20/2018."

**ANSWER: Defendant admits only the termination record reflect it was revised on October 20, 2018.**

32. The attempt to force Plaintiff to take the wine & spirits position was a pretext for firing Plaintiff in retaliation for numerous complaints of gender discrimination.

**ANSWER: Defendant denies the allegations contained in Paragraph 32.**

33. No consideration was given to placing Plaintiff back in the "Manager - Store Operations" position because she was female.

**ANSWER: Defendant denies the allegations contained in Paragraph 33.**

34. The alleged lay-off was a pretext; Plaintiffs job was not truly eliminated.

**ANSWER: Defendant denies the allegations contained in Paragraph 34.**

35. The real reason Plaintiff was terminated and not placed in her prior role was because of her gender, the Store Director's discriminatory attitude towards women, and Plaintiff's complaints about discrimination based on gender – female.

**ANSWER: Defendant denies the allegations contained in Paragraph 35.**

36. A substantial motivating reason for Plaintiffs termination was because of her gender and because she complained of sexual harassment.

**ANSWER: Defendant denies the allegations contained in Paragraph 36.**

37. Defendant's actions in terminating plaintiff were in retaliation for her complaints of discrimination based on her gender in violation of 42 U.S.C. § 2000(e)-2.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 36.**

38. As a direct and proximate result of the defendant's acts of intentional discrimination, plaintiff has sustained damages equal to her lost back pay, loss of contribution to fringe benefits, including retirement or pension benefits, has lost increases in pay since termination, and she has suffered severe emotional and mental distress, embarrassment and anxiety as well as loss of enjoyment of life as a result of her termination, all to her damages in the amount in excess of $75,000.00.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 38.**

39. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000e-5.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 39.**

40. Plaintiff is also entitled to reinstatement to her former position or in lieu thereof front pay.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 40.**

41. Defendant's acts of retaliation were intentional, thus plaintiff is entitled to recover punitive or exemplary damages.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 41.**

WHEREFORE, Defendant, Hy-Vee, Inc., prays that Plaintiff's Complaint be dismissed with all costs assessed against Plaintiff, and for such other and further relief as the Court deems just and necessary under the circumstances, or in the alternative, Defendant Hy-Vee, Inc. prays for judgment in its favor and against Plaintiff and costs to be assessed against Plaintiff.

## COUNT III – GENDER DISCRIMINATION – FAILURE TO HIRE IN VIOLATION OF 42 U.S.C. §2000(e). ET SEQ.

1-35. Plaintiff repeats and realleges paragraphs 1 through 35 of Count II as paragraphs 1 through 35 of Count III herein.

**ANSWER: Defendant adopts and re-states its Answers to Paragraphs 1 through 35 of Count II as paragraphs 1 through 35 of Count III.**

36. Subsequent to Plaintiffs termination, Hy-Vee posted Plaintiff's job or at least its equivalent job under a different name (from which Plaintiff was allegedly "laid off.")

**ANSWER: Defendant denies the allegations contained in Paragraph 36.**

37. Plaintiff applied for the opening on January 17, 2019.

**ANSWER: Defendant admits only Plaintiff applied for the Pricing and Data Analyst position for the Quad City Illinois Store Group, consisting of five Hy-Vee stores.**

38. Plaintiff was qualified for the position.

**ANSWER: Defendant denies the allegations contained in Paragraph 38. Only existing Hy-Vee employees were considered and interviewed for the position.**

39. Hy-Vee rejected Plaintiff's application for the job.

**ANSWER: Defendant admits only she was not considered for the position as she was not a current employee.**

40. Plaintiff was never offered an interview.

**ANSWER: Defendant admits the allegations contained in Paragraph 40. She was not considered for the position as she was not a current employee.**

41. Hy-Vee hired a male for the open management position.

**ANSWER: Defendant admits only a current male employee not from Moline 1 was**

> **hired for the Pricing and Data Analyst position for the Quad City Illinois Store Group, consisting of five Hy-Vee stores.**

42. A motivating factor in the failure to hire was gender discrimination in violation of 42 U.S.C. § 2000(e)-2.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 42.**

43. As a direct and proximate result of the defendant's acts of intentional discrimination, plaintiff has sustained damages equal to her lost back pay, loss of contribution to fringe benefits, including retirement or pension benefits, has lost increases in pay since termination, and she has suffered severe emotional and mental distress, embarrassment and anxiety as well as loss of enjoyment of life, all to her damages in the amount in excess of $75,000.00.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 43.**

44. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. §2000(e)-5.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 44.**

45. Plaintiff is also entitled to reinstatement to her former position or in lieu thereof front pay.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 45.**

46. Defendant's acts of discrimination were intentional, thus plaintiff is entitled to recover punitive or exemplary damages.

    **ANSWER:  Defendant denies the allegations contained in Paragraph 46.**

WHEREFORE, Defendant, Hy-Vee, Inc., prays that Plaintiff's Complaint be dismissed with all costs assessed against Plaintiff, and for such other and further relief as the Court deems just and necessary under the circumstances, or in the alternative, Defendant Hy-Vee, Inc. prays for judgment in its favor and against Plaintiff and costs to be assessed against Plaintiff.

## COUNT IV – RETALIATION – FAILURE TO HIRE IN VIOLATION OF 42 U.S.C. §2000(e), ET SEQ.

1-35. Plaintiff repeats and realleges paragraphs 1 through 35 of Count II as paragraphs 1 through 35 of Count IV herein.

**ANSWER: Defendant adopts and re-states its Answers to Paragraphs 1 through 34 as paragraphs 1 through 35 of Count IV.**

36. Subsequent to Plaintiffs termination, Hy-Vee posted Plaintiffs job or at least its equivalent job under a different name (from which Plaintiff was allegedly "laid off.")

**ANSWER: Defendant denies the allegations contained in Paragraph 36.**

37. Plaintiff applied for the opening on January 17, 2019.

**ANSWER: Defendant admits only Plaintiff applied for the Pricing and Data Analyst position for the Quad City Illinois Store Group, consisting of five Hy-Vee stores.**

38. Plaintiff was qualified for the position.

**ANSWER: Defendant admits only she was not considered for the position as she was not a current employee.**

39. Hy-Vee rejected Plaintiff's application for the job.

**ANSWER: Defendant admits only she was not considered for the position as she was not a current employee.**

40. Plaintiff was never offered an interview.

**ANSWER: Defendant admits the allegations contained in Paragraph 40. She was not considered for the position as she was not a current employee.**

41. Hy-Vee hired a male, who was similarly situated to plaintiff but who did not engage in

statutorily protected activity, for the open management position.

**ANSWER:  Defendant denies the allegations contained in Paragraph 41.**

42. A motivating factor in the failure to hire was in retaliation for Plaintiff's statutorily protected complaints of gender discrimination in violation of 42 U.S.C. §2000(e)-2.

**ANSWER:  Defendant denies the allegations contained in Paragraph 42.**

43. As a direct and proximate result of the defendant's acts of intentional retaliation, plaintiff has sustained damages equal to her lost back pay, loss of contribution to fringe benefits, including retirement or pension benefits, has lost increases in pay since termination, and she has suffered severe emotional and mental distress, embarrassment and anxiety as well as loss of enjoyment of life, all to her damages in the amount in excess of $75,000.00.

**ANSWER:  Defendant denies the allegations contained in Paragraph 43.**

44. Plaintiff is also entitled to recover her costs, including reasonable attorneys' fees and expert witness fees pursuant to 42 U.S.C. § 2000e-5.

**ANSWER:  Defendant denies the allegations contained in Paragraph 44.**

45. Plaintiff is also entitled to reinstatement to her former position or in lieu thereof front pay.

**ANSWER:  Defendant denies the allegations contained in Paragraph 45.**

46. Defendant's acts of discrimination were intentional, thus plaintiff is entitled to recover punitive or exemplary damages.

**ANSWER:  Defendant denies the allegations contained in Paragraph 46.**

WHEREFORE, Defendant, Hy-Vee, Inc., prays that Plaintiff's Complaint be dismissed with all costs assessed against Plaintiff, and for such other and further relief as the Court deems just and necessary under the circumstances, or in the alternative, Defendant Hy-Vee, Inc. prays for judgment in its favor and against Plaintiff and costs to be assessed against Plaintiff.

## HY-VEE'S AFFIRMATIVE DEFENSES

1. Plaintiff's damages are limited or precluded to the extent she has failed to mitigate her damages.

2. Plaintiff is barred from pursuing this action to the extent she has failed to exhaust her administrative remedies.

3. Hy-Vee had reasonable policies and procedures in place and otherwise exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior based on gender, retaliation or any other factor prohibited by law and Plaintiff unreasonably failed to avail herself of such policies, procedures and measures provided by Hy-Vee and otherwise unreasonably failed to avoid harm.

4. To the extent Plaintiff is seeking to recover damages for actions that occurred outside the applicable statute of limitations, such claims are barred by the applicable statute of limitations.

5. To the extent any of Plaintiff's claims go beyond the allegations in her EEOC Charge, she failed to exhaust her administrative remedies and such claim is barred.

6. Plaintiff's actions prior to and after the alleged retaliation bar her claims, in whole or in part, by the doctrines of unclean hands, estoppel, and/or after-acquired evidence.

7. Hy-Vee's actions were not willful, malicious, or taken with reckless disregard for Plaintiff's rights.

8. Hy-Vee engaged in good faith efforts to comply with Title VII of the Civil Rights Act of 1964, and therefore cannot be liable for punitive damages.

9. In the event that any of the allegations of unlawful conduct contained in the complaint are found to have merit, defendants would have made the same decisions irrespective of Plaintiff's legally protected status.

10. Plaintiff fails to state a claim on which relief can be granted.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches; and/or mistake.

12. Plaintiff's Complaint fails to state facts sufficient to warrant an award of attorneys' fees.

13. Plaintiff elected not to accept other position(s) offered to her at Hy-Vee at the same rate of pay and benefits.

14. Plaintiff's position of Data/Pricing Analyst was eliminated. Plaintiff was offered the Wine & Spirits Manager position at the same rate of pay as the Pricing/Data Analyst.

15. To the extent that Plaintiff's Compliant may be barred by any remaining affirmative or other defenses, including those contemplated by the Federal Rules of Civil Procedure, that cannot be determined at this time without the benefit of discovery, Hy-Vee reserves its right to assert all such affirmative and other defenses as appropriate.

WHEREFORE, Defendant, Hy-Vee, Inc., prays that Plaintiff's Complaint be dismissed with all costs assessed against Plaintiff, and for such other and further relief as the Court deems just and necessary under the circumstances, or in the alternative, Defendant Hy-Vee, Inc. prays for judgment in its favor and against Plaintiff and costs to be assessed against Plaintiff.

## JURY DEMAND

COMES NOW the Defendant, Hy-Vee, INC., by and through its attorney, Cameron A. Davidson, demands a trial by jury on all claims relative to the above captioned matter.

*/s/ Cameron A. Davidson*
Cameron A. Davidson
Heninger and Heninger, P.C.
101 W. 2nd St., Ste. 501
Davenport, IA 52801-1815
Office: 563-293-9077
Fax: 563-324-5808
Email: cdavidson@heningerlaw.com
Attorney for Hy-Vee, Inc.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing documents was served on all counsel of record in this lawsuit on January 10, 2020 via the District Court's electronic court filing system.

*/s/ Cameron A. Davidson*