IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TAMARA STAUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:19-CV-04249 |
| | ) |
| HY-VEE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT, HY-VEE, INC.'S
### MOTION FOR CONFERENCE WITH JUDGE SHADID

COMES NOW Defendant, Hy-Vee, Inc. ("Hy-Vee"), by its attorneys Cameron A. Davidson and Allison K. Wright, and for its Motion for a Conference with Judge Shadid states as follows:

1. Defendant's counsel is in receipt of the Court's Text Order from today.

2. Defendant's counsel is filing this Motion respectfully seeking a status conference with all parties present to address the contents of the text order, or, in the alternative and at the very least, let the Court and Plaintiff know the misunderstanding that occurred on behalf of Defendant's counsel at the conclusion of trial.

3. At the conclusion of trial, it was Defendant's counsel's understanding that the Court requested the parties leave telephone numbers to be contacted, as needed, for a telephone conference between the parties on any issues that may arise.

4. Defendant's counsel thanked Judge Shadid and court personnel and provided their telephone numbers as requested. Defendant's counsel did not expressly ask for further clarification as to how questions or the verdict would be handled by the Court.

5. It was not the understanding of Defendant's counsel that this could include being directed to return to court for any questions or verdict. Defendant's counsel reviewed the Local Rules to confirm if any order addressed the same. Defendant's counsel's experience is counsel will be contacted by phone with jury questions pending a jury verdict.

6. It was further Defendant's understanding, after its discussions with Plaintiff's counsel, that they would remain in Peoria for a period of time, but not necessarily through the time of verdict.

7. Defendant's counsel was contacted by court personnel and notified that the jury had asked a question. Defendant's counsel did not ask if any proceedings were to occur in open court and court personnel did not state that any proceedings were to occur in open court. Defendant's counsel was not asked to come to the courthouse and was not notified that Plaintiff's counsel was returning to the courthouse. Defendant's counsel did not ask if any prior proceedings had occurred in open court and court personnel did not state that any proceedings had occurred in open court.

8. When court personnel contacted Attorney Wright, Ms. Wright confirmed she was in the car but was not asked to return to the courthouse. She absolutely would have at that time and so would have Mr. Wright. Given their misunderstanding as to their ability to return to the courthouse for further questions and/or verdict, they did return to the Quad Cities to attend their son's parent teacher conference. They absolutely would not have done so had they known further proceedings were to occur at the courthouse. Attorney Davidson was in the process of leaving Peoria to return to the Quad Cities when contacted by court personnel but was not notified of any proceedings occurring in open

court. Counsel for Defendant, including Hy-Vee's representative, would have been present for all proceedings had they not misunderstood the purpose of providing telephone numbers and had they known further proceedings were to occur.

9. When court personnel contacted Attorney Wright and Attorney Davidson, she read the contents of the jury question and answer. Defendant did not ask if any proceedings were to occur in open court and court personnel did not state that any proceedings were to occur in open court. Defendant's counsel was not asked to come to the courthouse and was not notified that Plaintiff's counsel had returned to the courthouse for any proceedings.

10. Attorney Davidson was in Peoria at the time a mistrial was declared. He also would have returned to the courthouse for any proceedings in open court had he known the same were occurring.

11. This morning, Defendant filed a request for a conference with Judge Shadid regarding the jury question as Defendant understood at that time that the jury was to continue deliberations today and was not aware any further proceedings had occurred the evening prior in open court.

12. Attorney Davidson contacted court personnel this morning regarding the filing and was notified of the mistrial at the time of the call.

13. Defendant's counsel is deeply apologetic for the situation with the Court and for not taking additional steps to clarify with court personnel and/or the Court whether the parties would be allowed to return to the courthouse, whether questions would be addressed in open court, what was occurring at the time the jury note and question were received and to determine the purpose of the request for telephone numbers.

14. Counsel has the utmost respect for the Court and the jury and the judicial process. It was counsel's sincere misunderstanding that the parties would be updated and/or included on any issues by phone but that no request to return to the courthouse would be forthcoming.

15. Defendant's counsel sincerely appreciates the time, attention and assistance of Judge Shadid, his court personnel who did absolutely attend to and assist the parties throughout trial and of course to the jury for their time and service. We are deeply saddened that our misunderstanding would be perceived in any way to the contrary.

16. Defendant's counsel would truly appreciate the opportunity to state these matters personally to Judge Shadid, with Plaintiff's counsel present, as we certainly meant no disrespect in any way to the Court, Judge Shadid, court personnel, Plaintiff, Plaintiff's counsel or the jury members.

17. At the time of this filing, the parties are in receipt of Judge Shadid's Order recusing himself from the proceedings. To the extent Judge Shadid would entertain a final status conference on this particular issue and entertain Defendant's counsel's request for an opportunity to speak directly before Judge Shadid, Defendant's counsel seeks the same in this motion.

18. Defendant's counsel does hereby again unequivocally apologize for its misunderstanding as to the possibility of being called back to the courthouse and apologizes for not expressly asking the Court for further clarification on the reason for providing telephone numbers at the time of departure from the courthouse when the jury went into deliberations.

19. Defendant's counsel is aware of the recusal and reassignment and files this motion only to ensure Judge Shadid and the Court are fully apprised of our misunderstanding and to respectfully explain our absence was not intentional.

Dated:  March 24, 2023

Respectfully submitted,

By: */s/ Allison K. Wright*
One of Defendant's Attorneys

Cameron A. Davidson
HENINGER & HENINGER, P.C.
101 W. 2ND STREET, STE. 501
Davenport, Iowa 52801
Telephone: 563.324.0418
Email:cdavidson@heningerlaw.com

-and-

Allison K. Wright
Jeffrey D. Wright
PAPPAS WRIGHT, P.C.
1617 Second Avenue, Suite 300
Rock Island , Illinois 61201
Telephone: 309.788.7110
Emails: awright@pappaswright.com;
jwright@pappaswright.com


19. Defendant's counsel is aware of the recusal and reassignment and files this motion only to ensure Judge Shadid and the Court are fully apprised of our misunderstanding and to respectfully explain our absence was not intentional.

Dated:  March 24, 2023

Respectfully submitted,

By: */s/ Allison K. Wright*
One of Defendant's Attorneys

Cameron A. Davidson
HENINGER & HENINGER, P.C.
101 W. 2ND STREET, STE. 501
Davenport, Iowa 52801
Telephone: 563.324.0418
Email:cdavidson@heningerlaw.com

-and-

Allison K. Wright
Jeffrey D. Wright
PAPPAS WRIGHT, P.C.
1617 Second Avenue, Suite 300
Rock Island , Illinois 61201
Telephone: 309.788.7110
Emails: awright@pappaswright.com;
jwright@pappaswright.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 24, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

    John Doak
    Katz Nowinski, P.C.
    1000- 36th Avenue
    Moline, IL 61265
    Ph: 309-797-3000
    Email: jdoak@katzlaw.com

                                                                                                        */s/  Allison K. Wright*
                                                                                                           Allison K. Wright