IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TAMARA STAUB,<br>    Plaintiff,<br><br>v.<br><br>HY-VEE, INC.,<br>    Defendant. | Case No. 4:19-cv-04249-JEH |

**Order**

Now before the Court is Plaintiff Tamara Staub's Motion to Reconsider (Doc. 115) and Defendant Hy-Vee, Inc.'s Response in Opposition (Doc. 118). For the reasons set forth below, the Motion is DENIED.

**I**

After a mistrial in this case in March 2023, the Court sought clarification from the Plaintiff's counsel as to the theory of the Plaintiff's Count II gender discrimination claim. That request resulted in several hearings with the parties during which discussion was held as to the theory of the Plaintiff's Count II gender discrimination claim, particularly in light of the then-presiding District Judge's March 2022 summary judgment Order. The Court ultimately granted the Defendant leave to file a renewed motion for summary judgment.

On November 12, 2024, the Court granted the Defendant's Supplemental Motion for Summary Judgment (Doc. 103), determining the Plaintiff is precluded from pursuing a direct termination theory of discrimination at re-trial and may not

1

pursue a discriminatory job transfer theory at re-trial.[1]  On December 4, 2024, the Plaintiff filed the instant Motion to Reconsider.  She contends it was a manifest error of law and fact for this Court to reverse its finding from the February 21, 2024 hearing and to then grant the Defendant's Supplemental Motion for Summary Judgment based solely on the unauthoritative, unpublished Sixth Circuit decision, *Darnell v. Campbell County Fiscal Court*. 924 F.2d 1057 (6th Cir. 1991) (unpublished).

## II

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).  Rule 54(b) permits a court to exercise its inherent authority to reconsider an interlocutory order.  *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005).  Motions to reconsider serve the limited function to correct manifest errors of law or fact or to present newly discovered evidence.  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Here, in her Motion to Reconsider, the Plaintiff cites a portion of her argument in response to the Defendant's original Motion for Summary Judgment, she quotes – again – portions of transcripts that were attached as exhibits to her Response (Doc. 105) to the Supplemental Motion for Summary Judgment, and she repeats her arguments as to why *Darnell* is distinguishable from the facts of this case.  She also repeats her argument (albeit now phrased somewhat differently) that whether she was terminated or constructively discharged is a question of fact.  The Plaintiff argues, as a challenge to the Court's recitation of the material facts not in dispute and as illustrative of termination versus constructive discharge

---

[1] As the Defendant in its Response (Doc. 118) points out, the Plaintiff makes no argument concerning Section III.B of the Court's November 12, 2024 Order.  The instant Order is limited accordingly.

2

being a question of fact, that "one of two PDA positions was being eliminated and [the Plaintiff] was chosen because of her sex (female)."  Plf's Mot. (Doc. 116 at pgs. 7-8).  That is merely an elaboration upon her previous arguments.  It is not appropriate to rehash arguments previously rejected or make arguments that could have been raised during the pendency of the previous motion.  *CBI Industries, Inc.*, 90 F.3d at 1271.

The Plaintiff relies too heavily upon the Court's statements at the February 21, 2024 hearing.  At that hearing, the Court observed the previously presiding District Judge's March 2022 summary judgment order was silent as to direct termination, this case presented an unusual situation, and the Court did not want to try the case a second time without clarification as to the Plaintiff's discrimination theory.  The Court did not, at any time before November 12, 2024, definitively rule in either party's favor or on the issue in general.  Indeed, toward the end of the February 21st hearing, the Court explained it did not want to deprive the parties of the opportunity to brief the issue, acknowledged its obligation to give the parties a full opportunity to be heard, and ultimately permitted briefing.  The Court thereafter fully considered the parties' supplemental summary judgment briefs and their October 29, 2024 oral arguments.  The Court's November 12, 2024 ruling does not entirely foreclose the Plaintiff from presenting her evidence at re-trial.  Indeed, while the parties must conform to that ruling at re-trial, the Plaintiff will be permitted wide latitude as to the evidence she presents.

While the Plaintiff takes issue with the Court's reliance upon *Darnell* and notes the Court's earlier disagreement with the case, the Court was and is well aware of the fact that the case is an unpublished Sixth Circuit decision.  The Court already closely considered the Plaintiff's arguments in her supplemental summary judgment brief attempting to distinguish that case.  Also, an unpublished decision may nevertheless be persuasive, which the Court here found in light of the parties'

3

subsequent briefing and arguments. *See Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) ("Any decision may have persuasive force, and invite—indeed compel—the careful and respectful attention of a court confronted with a similar case"); *U.S. v. Keith*, 559 F.3d 499, 505 (6th Cir. 2009) (stating "Although unpublished decisions do not have precedential authority . . . they may be considered for their persuasive value . . . .").

"Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Bd. of Trs. of Univ. of Ill. v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A "manifest error" is "not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Here, the Plaintiff's Motion to Reconsider reveals little more than her disappointment in the Court's November 12, 2024 ruling. It does not reveal manifest error. Thus, reconsideration is not warranted.

### III

For the reasons set forth above, Plaintiff Tamara Staub's Motion to Reconsider (Doc. 115) is DENIED.

*It is so ordered.*

Entered on January 13, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE